**IN RE: ADVISORY OPINION TO GOVERNOR**

14 So. (2nd) 663                June Term, 1943
July 28, 1943                     En Banc

PER CURIAM:

July 27, 1943

Governor Spessard L. Holland,
Executive Office,
Tallahassee, Florida

Sir:

We are in receipt of your request of July 27th for our Advisory Opinion, as follows:

"To the Honorable Chief Justice,
and the Justices of the Supreme
Court of the State of Florida.

Gentlemen:

Section 39 of Article V of our Constitution creates the then Criminal Court of Record in and for Escambia County, Florida, as a Court of Record in and for said county and enlarged its jurisdiction.

Section 41 of said Article provides:

"All the provisions of the Constitution and all laws enacted in consonance therewith pertaining to the said Criminal Court of Record and the officers thereof including the manner of the appointment or election and the terms of office and compensation of said officers, shall apply with like effect to the said Court of Record and the officers thereof, except as provided by these amendments. . . ."

Section 32.06, Florida Statutes, 1941, provides with regard to the Judge of the Criminal Courts of Record:

"When the Judge is disqualified to try any case, or unable 'for any reason to hold a term of his court, he shall file a suggestion to that effect with the clerk, who shall immediately notify the Governor, and the Governor shall thereupon assign a Judge of some other Criminal Court of Record to try the case or hold the term.' "

Due to the fact that some of the Judges of the Criminal Courts of Record in our State have entered the armed services and for other reasons, it becomes necessary from time to time to assign some other Judge to hold court for the Judge of such Criminal Court of Record, I, therefore, have the honor to request, as I am permitted to do under Section 13 of Article IV of the Constitution, your written opinion as to whether or not I can assign the Judge of the Court of Record of Escambia County to serve as Judge in the Criminal Courts of Record in our State in view of the foregoing quoted portion of our Constitution and Statutes.

I might call your attention to the fact that Chapter 21770, Laws of Florida, Acts of 1943, provides for the interchange of Judges between the Court of Record of Escambia County and the Circuit Court of said County.

I am enclosing copy of opinion dated July 19 from the Attorney General, which I have received today.

With best regards, I remain,

Yours faithfully,
(Signed) Spessard L. Holland,
Governor."

In reply, you are advised that it is our opinion that the provisions of the Constitution and statutes referred to and

quoted in part in your letter, supra, are sufficient to vest in the Governor of Florida the power and authority to assign the Judge of the Court of Record of Escambia County to serve as Judge of any Criminal Court of Record in the State of Florida as Judge Pro Hac Vice under like terms and conditions as would apply to the assignment of the Judge of one Criminal Court of Record to serve as Judge of another Criminal Court of Record.

With great respect, we are

Sincerely yours,

RIVERS BUFORD,
Chief Justice.
GLENN TERRELL
ARMSTEAD BROWN
R. H. CHAPMAN
ELWYN THOMAS
ALTO ADAMS
HAROLD L. SEBRING

RB j
Justices.